# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BINGHAM, | CV F   05-1320 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| WARDEN PAUL SCHULTZ, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner filed the instant petition on October 20, 2005.

BACKGROUND

Petitioner was convicted in the United States District Court for the Central District of California.  (Petition, at 2.)  Petitioner was sentenced to 300 months in federal custody.  (Id.)

Petitioner appealed his conviction to the United States Court of Appeal for the Ninth Circuit.  His conviction was affirmed on September 22, 1994.  (Id.)

On October 10, 1997, Petitioner filed a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 in the sentencing court.  (Petition, attached Motion, at 2.)  The motion was denied on November 9, 1998.  (Id.)  Petitioner indicates that he requested a certificate of appealability from the Ninth Circuit and it was denied as moot.  (Id.)

In the instant petition, Petitioner argues that in his first § 2255 motion, the district court misconstrued the language of section 924 (c)(1) of Title 18 of the United States Code.  Thus,

1

Petitioner contends that the Central District's denial of his first § 2255 motion was legally incorrect.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is

insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). The Ninth Circuit acknowledged that "[o]ther circuits have held that . . . a federal prisoner who is actually innocent of the crime of conviction, but who has never had an unobstructed procedural shot at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed." Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). Nevertheless, the Ninth Circuit in Lorentsen specifically declined to decide whether to adopt the holdings of any other circuits. Id. Notably, however, the Ninth Circuit did find that the Petitioner in Lorentsen could not invoke the "escape hatch in § 2255" because the Petitioner was not "actually innocent" of the underlying conviction. Id.

In the present case, Petitioner attempts to argue that he is actually innocent of the possession of a firearm charge pursuant to 18 U.S.C. § 924(c)(1) and that the District Court improperly relied on the 1998 amendment to this section.

Section 924(c)(1) of Title 18 of the United States Code proscribes and punishes two kinds of conduct: (1) using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime; and (2) possessing a firearm in furtherance of any such crime. 18 U.S.C. § 924(c)(1). On November 13, 1998, Congress added the part of the statute that proscribes and punishes the possession of a firearm "in furtherance of" a predicate crime. United States v. Pleasant, 125 F.Supp.2d 173, 178 (E.D. Va. 2000). Before that time, the statute proscribed and punished only "[w]hoever, during and in relation to any crime of violation or drug trafficking crime . . . uses or carries a firearm." Id. It was recognized in Pleasant that in the House Committee Report, the Committee stated that "'in furtherance of' is a slightly higher standard and encompasses the 'during and in relation to' language." Id. at 181.

As previously stated, Petitioner filed a § 2255 motion in the United States District Court for the Central District of California on October 10, 1997. The motion was denied by the District

3

Court on November 9, 1998.  The amendment to which Petitioner takes issue took effect on November 13, 1998.  Petitioner claims that there was insufficient evidence that he utilized a firearm "in furtherance of" a crime and the 1998 amendment does not apply to him because he was indicted and convicted prior to it taking effect.

Petitioner's claim is unfounded.  In reviewing the District Court's order denying his § 2255 motion there is no indication that the Court applied the 1998 amendment.  Nor could the Court have because its order was issued November 10, 1998, and the effective date of the 1998 amendment was November 13, 1998.  Further, Petitioner's claim of actual innocence is in direct conflict with the District Court's order denying his § 2255 motion.  There, the District Court stated:

> In this case, a government witness testified that Petitioner brandished a gun to protect the drugs.  (RT 5/28/92: 19-20).  She testified that petitioner came into the apartment where the drugs were being dealt.  The witness testified that [Petitioner] displayed a gun as he asked a friend of a Ms. Johnson to leave the apartment.  See id.  Viewed in the light most favorable to the government, this evidence would allow any rational trier of fact to find beyond a reasonable doubt that petitioner "used" a firearm in the commission of a drug crime in violation of 18 U.S.C. § 924(c).  See Bailey, 516 U.S. at 148 (holding that use of a firearm during and in relation to a drug trafficking offense includes brandishing or displaying a firearm).

(Court Doc 3; Appendix to Petition, at 21-22.)

The mere fact that the prior 2255 motion was denied does not provide a sufficient basis for finding the remedy inadequate or ineffective.  As previously stated, a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.  Aronson v. May, 85 S.Ct. at 5.  Petitioner has had an "unobstructed procedural shot" at presenting his claims by way of a motion pursuant to § 2255.  The motion pursuant to § 2255 was adequate and effective to test the validity of his detention; it was just unsuccessful.  Therefore, Petitioner has failed to establish that § 2255 is inadequate or ineffective and cannot invoke the savings clause pursuant to § 2255.  The petition must be dismissed.

RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief

under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 12, 2005**                                       **/s/ Dennis L. Beck**
3b142a                                                                                     UNITED STATES MAGISTRATE JUDGE