UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND BINGHAM, | ) | 1:05-cv-01320-OWW-DLB-HC |
| | ) | |
|     Petitioner, | ) | **ORDER ADOPTING FINDINGS AND** |
| | ) | **RECOMMENDATIONS** (Doc. 6) |
| v. | ) | |
| | ) | **ORDER DISMISSING PETITION FOR** |
| WARDEN PAUL SCHULTZ, | ) | **WRIT OF HABEAS CORPUS** |
| | ) | |
|     Respondent. | ) | **ORDER DIRECTING CLERK TO** |
| | ) | **ENTER JUDGMENT** |

Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

On December 13, 2005, the Magistrate Judge filed Findings and Recommendations that the Petition for Writ of Habeas Corpus be DISMISSED as it does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241. These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. On January 9, 2006, Petitioner filed objections to the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.

1

1 Having carefully reviewed the entire file, the Court concludes that
2 the Magistrate Judge's Findings and Recommendations are supported
3 by the record and proper analysis.

4 　　　In his objections, Petitioner contends that in denying his
5 prior § 2255 motion, the United States District Court for the
6 Central District of California misconstrued the language of Title
7 18 of the United States Code section 924(c) and applied the 1998
8 amendment to this section.  Petitioner further contends that the
9 Magistrate Judge conceded that Petitioner is "actually innocent" of
10 the section 924 firearm enhancement.

11 　　　Petitioner is mistaken. First, as stated in the Findings and
12 Recommendations, the District Court in denying Petitioner's § 2255
13 motion properly applied the standard set forth in United States v.
14 Bailey, 516 U.S. 137, 148 (1995)(holding that use of a firearm
15 during and in relation to a drug trafficking offense includes
16 brandishing or displaying a firearm.)  The section 924(c) violation
17 was specifically charged in the Indictment as Count Seven as
18 follows:

> [18 U.S.C. § 924(c)(1)]
> On or about August 21, 1991, in Los Angeles County, within the Central District of California, defendant Raymond Bingham [Petitioner] knowingly used and carried the following firearms during and in relation to drug trafficking crimes, namely, possession with intent to distribute a mixture or substance containing a detectable amount of cocaine and possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base, both schedule II narcotic drug controlled substances, in violation of Title 21, United States Code, Section 841(a)(1): . . .

(Court Doc. 3; Appendix at 2.)  Thus, the firearm charge was specifically plead and proven to the jury beyond a reasonable doubt.  Further, the 1998 amendment of § 924(c)(1) "superseded the

2

Court's holding in Bailey that possession of a firearm was insufficient to trigger the five-year mandatory minimum sentence. See 18 U.S.C. § 924(c)(1)(A), as amended by Pub.L.No. 105-386, 112 Stat. 3469 (1998) (adding possession of firearm in furtherance of the crime as action sufficient to apply the five-year mandatory minimum sentence)." United States v. Beaudion, 416 F.3d 965, 969 n.4 (9th Cir. 2005).  Petitioner's contention that the Central District applied the 1998 amendment to §924(c) which added a "higher level of proof" necessary for a conviction under this section, is unfounded and without merit.[1]  The 1998 amendment did not change the prior language of the statute - any person who, during and in relation to any crime of violence of drug trafficking uses or carries a firearm - of which Petitioner was convicted, it merely added another basis for finding possession. Id.  In addition, Petitioner has not demonstrated that he is "actually innocent" of the section 924 violation.[2]

---

[1]  As reflected in Public Law No. 105-386, the 1998 amendment to section 924(c)(1)(A) read:

> Except to the extent that a greater maximum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . .

[2]  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (*quoting* Schlup

Here, Petitioner contends that he is innocent because "[t]he testimony that Ms. Casey gave is not enough to sustain [his] conviction" because there was no other testimony to corroborate her testimony. (Objections, at 4.) However, Petitioner's assertions fail to show that he is actually innocent of the crime. At best, Petitioner's allegations question the sufficiency of the evidence against him, and do not establish factual innocence. <u>Bousley</u>, 523 U.S. at 623, 118 S.Ct. 1604 (actual innocence requires a showing of factual innocence, not mere legal insufficiency). Petitioner's objections present no grounds for questioning the Magistrate Judge's Findings and Recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed December 13, 2005, are ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DISMISSED as it does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241; and,

3. The Clerk of Court shall enter judgment.

IT IS SO ORDERED.

**Dated:   February 16, 2006           /s/ Oliver W. Wanger**
emm0d6                           UNITED STATES DISTRICT JUDGE

---

<u>v. Delo</u>, 513 U.S. 298, 327-28, 115 S.Ct. 851 (1995)). "Actual innocence" means factual innocence, not mere legal insufficiency. <u>Id</u>.

4